# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MICHAEL HENDON, an individual, | Case No. 3:19-cv-00086-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| GEICO INSURANCE AGENCY, a Corporation doing business in the State of Nevada, and DOES I-XX, | |
| Defendants. | |

**I.     SUMMARY**

This is an insurance coverage dispute. Before the Court is Defendant Geico Indemnity Company's ("Geico") motion "to dismiss the second cause of action in Plaintiff's complaint, or in the alternative, to sever/bifurcate and to stay claims for bad faith." (ECF Nos. 6, 7.) The Court has reviewed Plaintiff Michael Hendon's response (ECF No. 13) as well as Geico's reply (ECF No. 15). For the following reasons, the Court grants Geico's motion and dismisses Plaintiff's second cause of action for violations of NRS § 686A.310.

**II.    BACKGROUND**

The following facts come from the Complaint (ECF No. 1-1) unless otherwise indicated.

Plaintiff suffered personal injuries in a car accident on July 19, 2017, including "a closed head injury with positive loss of consciousness, cervical strain, thoracic strain, lumbar strain, and mental anguish." (*Id.* at 3-4.) Plaintiff's insurance policy ("Policy")—provided by Geico—included uninsured motorist's coverage with limits of $100,000 per

person and $300,000 per incident. (*Id.* at 3.) Plaintiff received a settlement from the at-fault driver's insurance policy and then made a claim under his uninsured motorist's coverage with Geico. (*Id.* at 4.) Geico offered to settle Plaintiff's claim for $27,067. (*Id.*)

Plaintiff filed the Complaint in the Second Judicial District Court (*see id.* at 2), and Geico removed based on diversity jurisdiction (ECF No. 1 at 2). Plaintiff asserts two claims: breach of contract and violations of NRS § 686A.310. (ECF No. 1-1 at 5-6.)

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims

in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

**IV.    DISCUSSION**

Geico moves to dismiss Plaintiff's claim under NRS § 686A.310.[1] (*See* ECF No. 6 at 8.) The parties seem to agree that Plaintiff alleges violations of NRS § 686A.310(1)(b), (e), (f), and (n) (*see* ECF No. 13 at 5-7; ECF No. 15 at 3-5), even though the Complaint does not expressly identify these provisions (*see* ECF No. 1-1 at 6-7).

The Court agrees with Geico that Plaintiff's Complaint fails to allege a plausible claim for relief under NRS § 686A.310. In support of this claim, Plaintiff alleges nothing more than that Geico "failed to provide adequate insurance coverage to Plaintiff . . . and has failed to settle Plaintiff['s] . . . insurance claim in good faith." (ECF No. 1-1 at 6.) These allegations amount to "a bare recital of the elements of the claim without any supporting factual allegations." *Dearaujo v. PNC Bank, Nat'l Ass'n*, No. 2:12-cv-00981-MMD, 2012 WL 5818131, at *4 (D. Nev. Nov. 15, 2012); *see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff asserts that his counsel "engaged in lengthy negotiations and permitted [Geico] to conduct an interview of the Plaintiff as additional material for consideration of his claim," but Plaintiff does not identify how those negotiations or Plaintiff's interview would support a larger settlement than Geico offered. (*See* ECF No. 13 at 6-7.) Plaintiff also alleges that Geico's counsel

---

[1] Geico also moved for dismissal of Plaintiff's second claim to the extent that it might be construed as a tort claim for bad faith. (*See generally* ECF No. 6.) But Plaintiff clarified in his response that his second claim is a claim for violations of NRS § 686A.310—not a claim for bad faith. (ECF No. 13 at 2 ("The Plaintiff avers that the Complaint does expressly refer to 'bad faith,' but his second cause of action is firmly grounded in NRS § 686A.310, not tortious bad faith . . . .").)

3

generally has been unresponsive to Plaintiff's counsel (*see id.*), but the litigation conduct of Geico's counsel is not material to the motion before the Court.

Plaintiff attaches a proposed amended complaint to his response (*see* ECF No. 13-2), but that proposed complaint suffers from the same defects as the operative complaint before the Court. It seems that the only material difference between the two complaints is that the proposed amended complaint specifically alleges violations of NRS § 686A.310(1)(b), (e), (f), and (n) rather than violations of NRS § 686A.310 generally. (*Compare* ECF No. 1-1 at 6 *with* ECF No. 13-2 at 6.) Based on Plaintiff's apparent failure to allege a plausible claim for relief, the Court finds that amendment would be futile. Thus, Plaintiff's request (*see* ECF No. 13 at 8) for leave to file an amended complaint is denied.

Accordingly, the Court grants Geico's motion to dismiss Plaintiff's claim for violations of NRS § 686A.310.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Geico's motion to dismiss (ECF No. 6) is granted. Plaintiff's claim for violation of NRS § 686A.310 is dismissed.

It is further ordered that Geico's motion to stay (ECF No. 7) is denied as moot.

DATED THIS 24th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4